# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

_____

| | | |
|---|---|---|
| **BOLLINGER MARINE FABRICATORS, LLC AND BOLLINGER SHIPYARDS LOCKPORT, LLC** | * * * | **CIVIL ACTION** |
| | * | **NO.:2:14-cv-01743** |
| **V.** | * | **JUDGE:  SARAH S. VANCE** |
| | * | |
| **MARINE TRAVELIFT, INC.** | * | **MAGISTRATE:** |
| | * | **JOSEPH C. WILKINSON, JR.** |

_____

### BOLLINGER'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON DAMAGES; OR, ALTERNATIVELY, MOTION FOR JUDGMENT ON THE STIPULATED FACTS

MAY IT PLEASE THE COURT:

Plaintiffs, Bollinger Marine Fabricators, L.L.C. and Bollinger Shipyards Lockport L.L.C. (collectively, "Bollinger"), hereby submit this Memorandum in Support of their Motion for Summary Judgment on Damages; or, Alternatively, Motion for Judgment on the Stipulated Facts, against defendant, Marine Travelift, Inc. (hereinafter "MTI").  Bollinger submits there are no genuine issues of material fact remaining, that it has incurred $230,259.56 in attorneys' fees and costs arising out of the litigation entitled *Paz v. Moran Towing Corporation* case, heard in the U. S. Southern District Court of Texas, Corpus Christi Division, Civil Action No. 2:13-cv-00237, consolidated with 2:13-cv-00313, and that MTI owes that entire amount based on its contractual obligations to defend and indemnity Bollinger.

## I. BACKGROUND

The underlying facts of the *Paz* Litigation are well-known to this Court, and Bollinger need not repeat them here.[1]  On April 13, 2015, the Court granted Bollinger's Motion for

---

[1] *See* Rec. Doc. #43, pp. 4-7 (§ I.B, "The Underlying Suit")

Summary Judgment on liability, and denied MTI's cross-Motion for Summary Judgment, finding that MTI owed Bollinger contractual defense and indemnity.[2]   The basis for the Court's ruling was Bollinger's Purchase Order Terms and Conditions, which provided in pertinent part:

> **12.INDEMNIFICATION –** Seller shall indemnify and hold Buyer harmless against all liabilities, losses, damages and expenses, including reasonable attorney's fees, for personal injuries, death or property damage incident to, arising out of, resulting from the activities of Seller, its employees and agents, or its subcontractors and their agents and employees, or in connection with the work to be performed, services to be rendered, or materials to be furnished, under any Purchase Order, except in those instances where such liability, losses, damages or expenses are caused solely and directly by Buyer's negligence.[3]

From the Court's Order and Reasons, it is clear Bollinger is entitled to recover attorneys' fees and costs arising out of the *Paz* Litigation pursuant to this clause.  This memorandum addresses with specificity the amounts incurred by Bollinger on said defense costs and attorneys' fees.

## II. LAW & ANALYSIS

Bollinger shall briefly discuss the law and jurisprudence relevant to this Motion.

### A. Summary judgment standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper when there remains no genuine dispute of material fact and the law is in the moving party's favor.[4]   Summary judgment must be granted when the pleadings, depositions, admissions, answers to interrogatories, and other materials show that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[5]   Here, all material facts have been stipulated to.[6]

The party responding to the motion for summary judgment may not rest upon the

---

[2] *Id.* at p. 18.

[3] Exhibit "C."

[4] *Rogers v. International Marine Terminals, Inc*., 87 F.3d 755, 758 (5th Cir. 1996).

[5] FED. R. CIV. PROC. 56(C); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

[6] *See* Rec. Doc. # 38, pp. 9-12; Rec. Doc. # 45.

pleadings, but must identify specific facts or points of law that establish a genuine factual or legal dispute.[7]  The non-moving party, however, must do more than simply deny the allegations raised by the moving party.[8]  The non-moving party must introduce competent evidence or law to support its claims; failing to do so requires the Court to grant the Motion.[9]

B. Awarding attorneys' fees and costs

The United States Supreme Court and the United States Fifth Circuit Court of Appeals have repeatedly held that determining an amount of attorneys' fees and costs due should not spawn major ancillary litigation.[10]  A court's discretion in awarding reasonable attorneys' fees is broad and reviewable only for an abuse of discretion.  That is, the district court will not be reversed unless there is strong evidence that the award was excessive or inadequate, or the amount chosen was clearly erroneous.[11]

To determine the attorneys' fees were reasonable, the Court must provide a clear, concise explanation of its reasons for the fee award, making findings as to the reasonableness of the requested hourly rate, and ensuring that the tasks reported by counsel were non-duplicative, necessary, and related to the litigation in question.[12]  The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."[13]  That same standard should be employed

---

[7] *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

[8] *See Donaghey v. Ocean Drilling Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

[9] *Id*.

[10] *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 437  (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374,  379  (5th Cir.1990).

[11] *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000);  *Hensley*, 461 U.S. at 436-37.

[12] *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379.

[13] *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

by the Court here.

In assessing the reasonableness of attorneys' fees, the Court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.[14] The fee applicant bears the burden of proof on this issue.[15] Bollinger submits it has met that burden.

## III.    ARGUMENT

The attorneys and paralegals hired by Bollinger to defend the *Paz* Litigation and obtain defense and indemnity from MTI all spent a reasonable number of hours and charged reasonable hourly rates. Bollinger has submitted along with this Motion the entirety of the invoices issued by the undersigned firm,[16] a spreadsheet breaking down each entry chronologically for all fees and costs invoiced, and a second spreadsheet showing the attorneys' fees incurred by each attorney.[17] Bollinger has submitted the applicable Purchase Order and Terms and Conditions from which MTI's obligation to pay defense costs and attorneys' fees comes,[18] and—to avoid any questions of fact—the correspondences and Judgment MTI believes are relevant to the Court's determination.[19] All of these documents are authenticated by the affidavits of Robert S. Reich and Anne L. Mollere.[20] As such, Bollinger submits it is

---

[14] *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund,* 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc*., 135 F.2d 1041, 1047 (5th Cir.1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995).

[15] *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

[16] Exhibit "A" attached to this Motion.

[17] Exhibits "B" and "E" attached to this Motion.

[18] *See* Exhibit "C" attached to this Motion.

[19] *See* Exhibit "D" attached to this Motion.

[20] *See* Affidavit of Anne L. Mollere, attached to this Motion as Exhibit "1"; Affidavit of Robert S. Reich, attached to this Motion as Exhibit "2."

4

entitled to recover the $193,857.70 it has incurred in attorneys' fees in this matter.

A. <u>Reasonable hourly rates</u>

The affidavits of Robert S. Reich and Anne L. Mollere, and the invoices they authenticated, verify the hours worked by each attorney and paralegal, and the rates charged by said persons.[21]  These are the two people who performed the majority of the work on this matter, and whom have testified that the Exhibits attached to this Motion are true, correct, and complete documents.  In the Reich affidavit, it attested to that the hourly rates of the various attorneys and paralegals working on this matter are as follows:

*Partners*

- Robert S. Reich: initially $250/hour, later $300/hour;

- Lawrence R. Plunkett Jr.: $210/hour;

- Michael T. Wawrzycki: initially $210/hour, later $225/hour;

- Barbara L. Bosetta: $225/hour;

*Associates*

- Jonathan Markovich: $175/hour;

- Christy L. Johnson: $175/hour;

- Jenna S. Ard: $100/hour;

*Paralegals*

- Esta J. Smith: initially $58/hour, later $70/hour;

- Marilyn T. Linscheid: $70/hour.

- Anne L. Mollere: $70/ hour.

- Daniel E. Levy: $50/hour.

---

[21] *See* Exhibits "A" "1," and "2."

The rate increases identified for the attorneys and paralegals above reflects the fact that the litigation lasted over a year, and were consistent with across the board increases at the undersigned firm.

Reich, Plunkett, Wawrzycki, and Bosetta have been practicing law for 38, 26, 9, and 25 years, respectively.  Markovich, Johnson, and Ard have been practicing law for 4, 9, and 7 years, respectively.  As paralegals, Smith, Linscheid, and Mollere have been engaged in the field for 20, 20, and 14 years, respectively. While Levy at the time had little experience as a paralegal, he was a law school graduate, preparing for the bar exam (which he later passed), and had sufficient knowledge to perform these tasks.

The relevant jurisprudence in this district establishes that these rates are reasonable. *See, e.g., Barrack v. Pailet, Meunier & LeBlanc, L.L.P.*, Civ. A. No. 12-2716, 2013 WL 6198861 (E.D. La. Nov. 27, 2013 (approving $250/hour for attorney with 24 years of experience); *Cole v. Orleans Parish Sheriff's Office*, Civ. A. No. 11-2211, 2013 WL 5557416 (E.D. La. Oct. 8, 2013) (approving $275/hour for attorney with 34 years of experience and $250/hour for attorney with 29 years of experience); *Foley v. SAFG Retirement Servs., Inc.*, Civ. A. No. 10-2827, 2012 WL 956499 (E.D. La. Mar. 20, 2012) (approving $350/hour for attorney with 30 years of experience and $275/hour for attorney with eight years of experience); *Constr. Courht, Inc. v. Jenkins*, Civ. A. No. 11-1201, 2001 WL 3882271 (E.D. La. July 29, 2011) (approving $350/hour for partners with 30 and 36 years of experience); *see also Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696 (E.D. La. 2009) (awarding $300/hour for partners and $225/hour for associates); *Creecy v. Metro. Prop. & Cas. Ins., Co.*, 548 F. Supp. 2d 279, 285 (E.D. La. 2008) (sanctioning $175/hour for associate with five years of experience).

Given this precedent, Bollinger submits that hourly rates of $300/hour and $250/hour

for Reich as the senior partner; $225/hour and $210/hour for junior partners, Plunkett, Wawrzycki, and Bosetta; and $175/hour and $100/hour for associates, Markovich, Johnson, and Ard were and are all reasonable.

The relevant jurisprudence in this district also establishes that the paralegal rates Bollinger was charged were reasonable. *See*, *e.g.*, *Spectrum Communication Specialists, L.L.C. v. KMJ Servs., Inc.*, Civ. A. No. 09-159, 2009 WL 4163524 (E.D. La. Nov. 23, 2009) (approving rate of $90/hour for paralegal); *Landry v. Caine & Weiner, Inc.*, Civ. A. No. 12-2060, 2013 WL 4591445 (E.D. La. Aug. 28, 2013) (approving hourly rate of $100/hour for paralegal); *Collins v. Sanderson Farms*, 568 F. Supp. 2d 714, 728 (E.D. La. 2008) (awarding $95/hour for paralegals); *see also Thompson v. Connick*, No. 07-30443, 2008 WL 5265197, at *26-27 (5th Cir. Dec. 19, 2008) (approving hourly rates of $67 to $112 for paralegals as "at the upper range of what was reasonable in the" Eastern District of Louisiana from 2003 to 2007). As such, the rates of $70/hour to $50/hour for paralegals were and are all reasonable.

Courts in this district have awarded higher fees than the hourly rates billed in this matter, which evidences that the rates Bollinger paid are within a reasonable range. Bollinger also submits that its attorneys and paralegals put a tremendous effort into defending against the *Paz* Litigation and obtaining defense and indemnity from MTI; work that paid off, as Bollinger was dismissed with prejudice from the *Paz* Litigation and was awarded summary judgment in the above-captioned matter.[22]

B. Reasonable hours expended

The testimony and evidence before this Court also confirm that the number of hours Bollinger's attorneys and paralegals expended on this matter were reasonable. Attorneys at

---

[22] Exhibit "D" (at the Agreed Final Judgment); Rec. Doc. #43.

the undersigned firm have spent 814.20 hours on this matter, and paralegals have spent 339.90 hours on this matter.[23]  The *Paz* Litigation was complicated, involved three defendants—who were all seeking relief from each other—and a plaintiff that was severely injured in a maritime accident.[24]  As Bollinger indicated above, this time was well spent, because Bollinger was successful in both the *Paz* Litigation and in obtaining defense and indemnity from MTI.

The burden of proving the reasonableness of the hours expended is on the party moving for attorneys' fees.[25]  All time that is necessary, non-duplicative and/or productive will be awarded.[26]  In this circuit, attorneys are expected to exercise "billing judgment"by "writing off unproductive, excessive, or redundant hours" when seeking fee awards.[27]  When billing judgment is shown, the court should include in the lodestar calculation the hours so billed.

Bollinger has submitted to the Court each of its invoices, showing each time entry for each attorney and paralegal, and avers that the hours expended by its attorneys and paralegals were reasonable.  Moreover, the evidence shows Bollinger paid the attorneys' fees and defense costs incurred as they were invoiced.  This lawsuit lasted over a year, had extensive discovery—much of which involved travelling to different states—and involved multiple parties.  The Court will further note that several of the line items on Bollinger's invoices were marked as "No Charge," and Bollinger does not seek any recovery for that work.

C.  Costs

Bollinger also seeks $36,401.86 as costs incurred in the *Paz* Litigation and in obtaining

---

[23] Exhibit "E."

[24] *See* Rec. Doc. # 43, pp. 4-7.

[25] *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 528 (5th Cir. 2001).

[26] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

[27] *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

defense and indemnity from MTI.  Costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the Court directs otherwise.[28]  28 U.S.C. § 1920 provides that a prevailing party may always recover the following costs:

(1)    Fees of the clerk and marshal;

(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title;

(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.[29]

Although a court may award only those costs specified in § 1920 without an explicit statutory or contractual basis to award more, the Supreme Court and the Fifth Circuit have established that costs other than those authorized by § 1920 are recoverable if there is a statutory or contractual basis for the award.[30]

Here, the award of costs arises from the contractual indemnity between the parties. In relevant portion, the Purchase Order Terms and Conditions provide: "[MTI] shall indemnify and hold [Bollinger] harmless against ***all liabilities, losses, damages and expenses***, including reasonable attorney's fees…"[31]   Accordingly, § 1920 is no bar to the costs requested by Bollinger.  As such, Bollinger submits it is entitled to a full recovery of all expenses incurred as a result of MTI's activities as the seller of the crane made subject of the *Paz* Litigation, and/or

---

[28] Fed. R. Civ. P. 54(d).

[29] 28 U.S.C. § 1920(1)-(6).

[30] *Mota v. Univ. of Tex. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987)).

[31] Exhibit "C," § 12 (emphasis added).

in connection with the work performed, services rendered, and/or materials furnished by MTI to Bollinger pursuant to the Purchase Order between them.

## IV.    CONCLUSION

Plaintiffs, Bollinger Marine Fabricators, L.L.C. and Bollinger Shipyards Lockport, L.L.C., have proven that by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney and paralegal, they have incurred $193,857.70 in legal fees, and have also shown that they are entitled to $36,401.86 in costs, for defending the *Paz* Litigation and obtaining defense and indemnity from defendant, Marine Travelift, Inc.  Accordingly, Bollinger submits it is entitled to a total award of $230,259.56.  The rates charged and the hours spent were reasonable, and the contract between the parties entitles Bollinger to recover all related defense costs from MTI.  As such, Bollinger is entitled to a judgment as requested.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, L.L.C.**

*/s/ Robert S. Reich*
ROBERT S. REICH, T.A. (#11163)
MICHAEL T. WAWRZYCKI (#30788)
Two Lakeway Center, Suite 1000
3850 N. Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3999
Facsimile: (504) 830-3950
Email: rreich@rapllclaw.com
Email: mwawrzycki@rapllclaw.com
***Attorneys for Bollinger Marine Fabricators,
L.L.C. and Bollinger Lockport, L.L.C.***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filings to all counsel of record on this 5th day of May, 2015.

/s/ Robert S. Reich
ROBERT S. REICH